ELLIS, Judge.
This is a suit for personal injuries suffered by plaintiff Donovan Copeman, a resident of Washington Parish, while employed by International Steel Erectors, Inc. of Miami, Florida, in New Orleans, Louisiana. The defendants are C. H. Leaville & Company, a Texas Corporation, the Board of Commissioners for the Port of New Orleans; Edward B. Silverstein & Associates; Mathes, Bergman, Favrot & Associates; and Curtis and Davis, Architects, the latter three alleged to be unincorporated business associations doing business in New Orleans. The suit was filed in the 19th Judicial District Court for East Baton Rouge Parish.
On April 2, 1968, the Board of Commissioners of the Port of New Orleans filed an exception to the jurisdiction over the person on the ground that it, and all of its co-defendants, or their agents for service of *73 process, were domiciled in Orleans Parish. It also filed an exception of no cause and right of action.
Trial on the exceptions was held on April IS, 1968, and the minute entry for that day reflects the following ruling by the Court:
“This case came before the court on exceptions of no right and no cause of action and an exception to jurisdiction ra-tione personae filed herein by counsel for defendant Board of Commissioners of the Port of New Orleans. The matters were argued by counsel and submitted to the court. Whereupon, for oral reasons assigned, the court rendered judgment herein sustaining the exceptions and allowing counsel for plaintiff ten days in which to amend his petition.”
On April 17, 1968, judgment was rendered, reading in part as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that the exceptions to the jurisdiction ratione personae be sustained and accordingly judgment is hereby entered, dismissing this action as to all defendants, provided, however, that plaintiff is granted ten (10) days within which to amend and join such additional parties as may be joined so as to confer jurisdiction upon this Court;
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exceptions of no right or cause of action be sustained and accordingly judgment is hereby rendered in favor of defendant, Board of Commissioners of the Port of New Orleans, and against plaintiff, Donovan H. Copeman, dismissing plaintiff’s petition as against the said defendant at plaintiff’s costs.”
No appeal was taken from the foregoing judgment by plaintiff, and no application for a new trial made. Neither has the nullity of the judgment been demanded.
On April 25, 1968, United States Fidelity and Guaranty Company, alleged to have issued a liability insurance policy to International Steel Erectors, Inc. of Miami, Florida, insuring against negligence of its employees and those of all other defendants herein, was joined as a party defendant. It is alleged to be a foreign corporation authorized to do, and doing, business in Louisiana. It was requested that it be served through the Secretary of State of the State of Louisiana in East Baton Rouge Parish.
On November 14, 1969, a rule was filed, asking the court to set aside that part of the judgment of April 17, 1968, which dismissed this suit “as to all defendants”, alleging that the exceptions related only to the Board of Commissioners, and that an obvious error had been made.
After a hearing on the rule, the trial court rendered written reasons for judgment in which he stated he would sign a judgment setting aside the judgment of April 17, 1968, insofar as it dismisses all other defendants except the Board of Commissioners. No judgment appears in the record, however.
Pursuant to the application of the defendants affected thereby, we issued an alternative writ directing the trial judge to deny the rule filed by plaintiff, or show cause to the contrary. The judge elected the alternative, and the record has been lodged with this court pursuant to the order contained in the writ.
Since this case does not fall within the provisions of Article 1951 of the Code of Civil Procedure, and the delays for new trial have long since expired, we do not believe the trial court had the authority to rule on a motion to alter the substance of the judgment.
It is equally apparent that the judgment was inadvertently signed by the court, and does not express the ruling reflected by the minute entry above quoted or represent the intent of the judge. Since the date on which the discrepancy was discovered by plaintiff does not appear, we are unable to say if an action of nullity for *74 ill practice under Article 2004 of the Code of Civil Procedure would be timely.
We note, however, that United States Fidelity and Guaranty Company, which could properly be sued in East Baton Rouge Parish under the provisions of Article 42(7) of the Code of Civil Procedure, was joined as a party defendant on April 25, 1968, within ten days of the judgment of April 17, 1968.
Article 73 of the Code of Civil Procedure provides as follows:
“An action against joint or solidary ob-ligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant.
“If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.”
Since United States Fidelity and Guaranty Company is a party defendant, alleged to be solidarily liable with the other defendants herein, and has been sued in its proper venue, under Article 73, East Baton Rouge Parish is a parish of proper venue for the suit. It follows that, when United States Fidelity and Guaranty Company was joined in the suit, that part of the judgment dismissing it for lack of jurisdiction over the persons of the defendants fell by its own terms.
We find that the question presented by the rule filed by plaintiff is moot. The writ heretofore issued by this court is therefore recalled, at applicant’s cost.
Writ recalled.